IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EMERT R. FLOWERS,<br><br>Defendant. | CR 01-271-BR<br>(CV 04-956-BR)<br><br>OPINION AND ORDER |

**KAREN J. IMMERGUT**
United States Attorney
**SCOTT M. KERIN**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204-2902
(503) 727-1002

  Attorneys for Plaintiff

**EMERT R. FLOWERS**
No. 65368-065
3901 Klein Boulevard
U.S.P. Lompoc, California 93436

  Defendant, *Pro Se*

1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendant Emert R. Flowers's Motion to Vacate Judgment Dismissing 28 U.S.C. § 2255 Petition (#122). For the reasons that follow, the Court **DENIES** Flowers's Motion to Vacate Judgment.

## BACKGROUND

### 1. Flowers's Plea Agreement and Sentence.

On July 11, 2001, a federal grand jury indicted Flowers for two counts of Drug Trafficking in cocaine base, a schedule II controlled substance. On March 5, 2002, Flowers entered into a Plea Agreement with the government that provided, among other things: "Mr. Flowers freely, voluntarily, knowingly, and intelligently waives any rights to appeal or collaterally attack the conviction or sentence in this case, including forfeitures." During the change-of-plea a hearing that day, Flowers stated he "knowingly distributed 5 grams or more of a mixture of substance containing a detectable amount of cocaine base" and then entered a guilty plea on the charge of Drug Trafficking in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). At that hearing, the Court specifically reviewed the waiver and its implications with Flowers as follows:

> THE COURT: That's an important right. Trial judges are human beings, just like you. We sometimes do make mistakes, even though we don't intend to. The appellate

2 - OPINION AND ORDER

>                    courts are there to look over our work
>                    and be sure that when people are
>                    sentenced to prison and with other
>                    sentences that those sentences are, in
>                    fact, supported by the law and the
>                    facts.
>
>                    This paragraph says you are giving up
>                    your right to an appeal to a higher
>                    court the decisions I have made in your
>                    case and the ones I am going to make in
>                    your case. Do you understand that?
>
> THE DEFENDANT:    Yeah
>
> THE COURT:        It also says that your are giving up
>                   your right to collaterally attack your
>                   conviction. That means this: Sometimes
>                   after people have served time in prison
>                   and their appeals are over, they may
>                   decide that something about the process
>                   that lead to their conviction and
>                   sentence violated a federal
>                   constitutional right, and they might
>                   want to bring a habeas corpus proceeding
>                   to challenge whether they are being held
>                   in violation of the federal
>                   constitution. This says that you agree
>                   to bring no such challenge. Do you
>                   understand that?
>
> THE DEFENDANT:    Yeah. You just explained it.
>
> THE COURT:        Is the decision to plead guilty to Count
>                   1, in exchange for the benefits of the
>                   agreement that the Government offered
>                   you, is that decision your own personal
>                   voluntary decision?
>
> THE DEFENDANT:    Yep.

Pl.'s Ex. 4 at 34-35.

On July 11, 2002, the Court sentenced Flowers on Count One to 140 months imprisonment and a term of four years supervised release. The Court dismissed Count Two of the Indictment on the

3 - OPINION AND ORDER

government's oral motion pursuant to the Plea Agreement.

2.      **Flowers's July 12, 2004, Motion to Vacate Sentence**.

On July 12, 2004, Flowers moved pursuant to 28 U.S.C. § 2255 to vacate his sentence on the grounds that the Court committed constitutional error by relying solely on the presentence report when it determined Flowers's prior offenses were crimes of violence and his prior state convictions were related for purposes of the career-offender adjustment.

In addition, Flowers asserted (1) "unprofessional errors" by Flowers's former counsel "caused [Flowers's] sentencing to be unfair and impartial," (2) the Court's admission of a telephone transcript at sentencing was constitutional error, (3) the 2002 United States Sentencing Guidelines are unconstitutional, (4) enhanced punishments must be decided by a jury, and (5) the 387 grams of crack cocaine seized should not have been used to determine Flowers's sentence. The government contended all of Flowers's claims were barred by the appeal waiver contained in his Plea Agreement.

The Court held Flowers, in his Plea Agreement and at sentencing, knowingly and voluntarily waived his right to attack his sentence collaterally. See Opin. and Order issued May 31, 2005. Accordingly, the Court denied Flowers's Motion.

3.      **Flowers's June 20, 2005, Motion to Vacate Judgment Dismissing his Petition**

On June 20, 2005, Flowers moved to vacate the Court's

Judgment dismissing his petition for habeas relief on the grounds that (1) despite the Court's colloquy and the language of the Plea Agreement, Flowers believed he retained some right to file a petition for habeas corpus relief; (2) the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), "necessarily encompasses a challenge to the knowing, intelligent, involuntary character of not only the plea, but the waiver itself"; and (3) Flowers did not waive his right to assert a claim for ineffective assistance of counsel on the ground that counsel did not but should have foreseen the Supreme Court's decision in *Booker*.

## DISCUSSION

### I. Flowers's Belief that He Retained the Right to Appeal Is Insufficient to Render Flowers's Plea Unknowing or Involuntary.

Flowers contends he did not waive his right in the Plea Agreement to file a habeas petition based on the following language in paragraph 5 of the Plea Agreement:

> Mr. Flowers understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to his case will be imposed in conformity with the United States Sentencing Guidelines. Mr. Flowers further understands that his sentence has not yet been determined by the Court, and that estimations of a probable sentence in his case are not promises and are not binding on the attorneys for the government, the Probation Office, or the Court.

According to Flowers, the purpose of this language was merely to

5 - OPINION AND ORDER

clarify "the agreement did not encompass a written stipulation as to an appropriate guideline offense level for sentencing purposes, but that the Court would make that determination at the time of sentencing as was . . . required by the former mandatory Federal Sentencing Guidelines." Nonetheless, paragraph 13 of the Plea Agreement unambiguously provides: "Mr. Flowers freely, voluntarily, knowingly, and intelligently waives any rights to appeal or collaterally attack the conviction or sentence in this case, including forfeitures." Flowers's argument, therefore, is unavailing.

In any event, at sentencing the Court eliminated any possible confusion regarding this issue by engaging in an extensive colloquy with Mr. Flowers. The Court repeatedly confirmed with Flowers that he understood he was "giving up [his] right to collaterally attack [his] conviction." Flowers assured the Court at sentencing that he understood the ramifications of his decision. Flowers did not express any confusion or concern regarding the waiver his right to appeal and to attack his sentence collaterally.

Because the language of the Plea Agreement is clear, the Court's colloquy with Flowers at the plea hearing and at sentencing was similarly clear, and Flowers never expressed any confusion about his waiver at the plea hearing or sentencing, the Court concludes Flowers's waiver of his right to appeal and to

attack his sentence collaterally was knowing and voluntary as required by *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Accordingly, the Court holds Flowers waived his right to attack his sentence collaterally.

**II. The Supreme Court's Decision in *Booker* Did Not Invalidate Flowers's Plea.**

Flowers contends the Supreme Court's decision in *Booker* constituted an intervening change in substantive criminal law, which "reveal[ed] that neither [Flowers] nor his counsel, nor the court correctly understood the essential elements of the crime." Flowers, therefore, asserts neither his plea nor his waiver were knowing, intelligent, or voluntary.

The Ninth Circuit has held "a change in the law does not make a plea involuntary and unknowing." *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005)(citing *United States v. Johnson*, 67 F.3d 200, 202-03 (9th Cir. 1995)). In *Johnson*, the defendant sought to appeal his sentence based on changes in sentencing laws that occurred after he was sentenced. The government opposed the appeal on the ground that the defendant waived his right to appeal in his plea agreement. The defendant contended his waiver was not knowing or voluntary because, "although he knowingly and intelligently waived all appealable issues from the sentence based upon the status of the law at the time of his plea and waiver, such voluntary

relinquishment of known rights was not intended to encompass, and
could not logically extend to, appeal of a sentencing error
premised upon a law not yet enacted at the time of the waiver."
*Johnson*, 67 F.3d at 201. The Ninth Circuit rejected the
defendant's argument and held the defendant's waiver was knowing
and intelligent because "the fact that Johnson did not foresee
the specific issue that he now seeks to appeal does not place
that issue outside the scope of his waiver." *Id*. at 203 (citing
*United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992) (in the
context of an appeal waiver, court rejected the argument that
defendant cannot waive an unknown right)).

Here Flowers, like the defendant in *Johnson*, contends his
waiver was not knowing or voluntary because he could not know the
Supreme Court would decide *Booker*. The Court holds, however, the
fact that Flowers did not foresee the Court's ruling in *Booker*
does not make his waiver unknowing or involuntary.

### III. Flowers's Ineffective Assistance of Counsel Claim Does Not Affect Flowers's Waiver of His Right to Attack His Sentence Collaterally.

Appellate courts have drawn a narrow exception to the rule
that knowing and voluntary waivers of the right to appeal or to
attack a sentence collaterally are enforceable even when a
petitioner alleges the ineffective assistance directly affected
the waiver of the plea itself. *See United States v. White*, 307
F.3d 336, 339-40 (5th Cir. 2002)(cites numerous appellate cases

on the issue). Although the Ninth Circuit has not decided the issue directly, in *Pruitt* the court expressed "doubt that a plea agreement could waive a claim of ineffective assistance of counsel based upon counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." 32 F.3d at 433.

Thus, Flowers contends he has not waived his right to assert in a § 2255 proceeding that he received ineffective assistance of counsel at sentencing because his counsel did not make an argument that anticipated the expansion of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to encompass the principles set out by the Supreme Court in *Booker*. In particular, Flowers argues

> Petitioner, his attorney, nor the Court understood the Petitioner's Sixth Amendment rights as construed by . . . *Booker*, . . . [and, therefore,] it was impossible for his attorney to accurately advise Flowers of his Sixth Amendment right to a jury trial as it applies to Guideline applications that increased his sentencing range beyond the prescribed statutory maximum penalty authorized by his guilty plea . . . . [Flowers] was . . . prejudiced by the error because [Flowers] was unaware that he had a Sixth Amendment right to a jury trial as to Guideline applications and that by entering the plea, those rights would be waived.

In *United States v. Avila*, the Honorable Garr King concluded the defendant's contention that he received ineffective assistance of counsel because counsel failed to anticipate the Supreme Court's holding in *Booker* and expansion of the principles in *Apprendi* was "without merit." Judge King reasoned:

9 - OPINION AND ORDER

> Avila also contends that his counsel was
> ineffective for failing to make an argument based
> on *Apprendi* and its progeny. The interpretation
> of "statutory maximum" by the Court in *Blakely* for
> *Apprendi* purposes "announced a new rule of
> criminal procedure that was neither compelled by
> existing precedent nor apparent to all reasonable
> jurists." The application from *Blakely* to *Booker*
> was yet another step and as such, even less
> apparent for the basis of an argument when not
> viewed in hindsight. Thus, any argument that
> Avila might raise that *Apprendi* dictates a
> different sentencing result in his case and that
> his counsel was ineffective for not properly
> invoking *Apprendi* at the time of sentencing are
> [*sic*] without merit.

No. CR 01-280-KI, Opin. and Order issued Apr. 6, 2005.

This Court agrees with the reasoning of *Avila*, and, thus, the Court finds Flowers's counsel did not erroneously or unprofessionally induce Flowers to plead guilty or to accept a plea bargain in light of the state of the law at the time Flowers was sentenced and Flowers's counsel was not ineffective for failing to anticipate the Supreme Court's ruling in *Booker*. Accordingly, the Court concludes Flowers's claim of ineffective assistance of counsel does not negate Flowers's waiver of his right to appeal or to attack his sentence collaterally.

## **CONCLUSION**

For these reasons, the Court **DENIES** Defendant Flowers's

Motion to Vacate Judgment Dismissing 28 U.S.C. § 2255 Petition (#122).

IT IS SO ORDERED.

DATED this 4th day of October, 2005.

*[signature: Anna J. Brown]*
ANNA J. BROWN
United States District Judge

Flowers CV 04-956 O&O.10-05-05.wpd