FILED'09 JAN 22 12:16USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 01-CR-271-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| EMERT REGINALD FLOWERS | |
| Defendant. | |

**KARIN J. IMMERGUT**
United States Attorney
**KELLY ALEXANDRE ZUSMAN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

       Attorneys for Plaintiff

**STEVEN T. WAX**
Federal Public Defender
**STEPHEN R. SADY**
Assistant Federal Public Defender
101 S.W. Main, Suite 1700
Portland, OR 97204
(503) 326-2123

       Attorneys for Defendant

1   -   OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Emert Reginald Flowers's Motion to Reduce Sentence (#134). Following a thorough consideration of the written submissions of the parties and the arguments they presented at the hearing on January 15, 2009, the Court **DENIES** Defendant's Motion for the reasons that follow.

## BACKGROUND

On March 5, 2002, Defendant pled guilty to distributing five grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

The Presentence Report recommended holding Defendant accountable for 46.5 grams of cocaine purchased during five controlled buys and 394.3 grams of cocaine seized in a residential search for a total amount of 433.8 grams, which, in turn, triggered a Base Offense Level of 34 under the then-existing version of United States Sentencing Guideline (U.S.S.G.) § 2D1.1(a)(3) and the Drug Quantity Table. At the July 11, 2002, sentencing hearing, Defendant did not contest his responsibility for the drugs that he purchased in the controlled buys, but he denied responsibility for the cocaine found during the residential search. Over Defendant's objection, the Court found Defendant's relevant conduct included the drugs seized in the

residential search, and, accordingly, the Court determined Base Offense Level 34 applied pursuant to § 2D1.1(a)(3).

Based on Defendant's criminal history, which included convictions for Burglary I and Assault II, the Presentence Report also recommended application of U.S.S.G. § 4B1.2, the Career Offender guideline, which separately warranted a Base Offense Level of 34 and increased Defendant's criminal history category from Category IV to Category VI. Over Defendant's objection, the Court applied this guideline for an additional and "independent" basis to assign Base Offense Level 34.

After the three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and a two-level reduction for substantial assistance pursuant to U.S.S.G. § 5K1.1, the resulting guideline range at Criminal History Category VI was 151-188 months.

Defendant and his counsel asserted several grounds in support of a sentence below the guideline range. The Court rejected all but one of Defendant's arguments, departing one criminal history category to Category V after finding that the Career Offender Criminal History Category VI substantially over-represented the seriousness of Defendant's prior criminal history in light of the circumstances and age of those offenses. With this departure, the resulting guideline range was 140-175 months.

After considering all of the information in the record, the

3 - OPINION AND ORDER

Court concluded a "140-month sentence at the low end of the range is a sentence that is sufficient but not excessive" and, accordingly, sentenced Defendant to a 140-month prison term.

On direct appeal to the Ninth Circuit Court of Appeals, Defendant challenged both of the bases for the Court's determination that Defendant was subject to a Base Offense Level of 34:

> The district court found that Flowers' base offense level under the U.S. Sentencing Guidelines is 34. The court supported this conclusion with *two independent modes of analysis*. To alter his sentence, therefore, Flowers must succeed on two different Guidelines challenges. As he cannot succeed on his Ex Post Facto Clause argument, we do not reach the challenge to the relevant conduct holding.

(Emphasis added.) *United States v. Flowers*, 70 Fed. Appx. 463, 464 (9th Cir. 2003). After determining the Career Offender guideline was properly applied, the Ninth Circuit affirmed the 140-month sentence without addressing Defendant's relevant-conduct arguments. *Id.*

Effective November 1, 2007, the United States Sentencing Commission amended the relevant Drug Quantity Table and adjusted downward by two levels the base offense level assigned to each described threshold quantity of crack cocaine. Under the Drug Quantity Table as amended, the quantity of drugs for which the Court held Defendant accountable now produces a Base Offense Level of 32.

4  - OPINION AND ORDER

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c), which authorizes a court to reduce a previously imposed term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," Defendant requests the Court to reduce his sentence. Defendant seeks a reduction at least to the extent of the two-level downward adjustment in the Drug Quantity Table. Consistent with all of the factors set forth in 18 U.S.C. § 3553(a), Defendant requests the Court to consider an additional reduction based on Defendant's "exemplary prison performance."

In response, the government contends the Court lacks authority to consider re-sentencing Defendant because his original sentence was independently based on the Career Offender guideline, which, unlike the Drug Quantity Table, has not been lowered by the Sentencing Commission. In addition, even if the Court has the authority to re-sentence Defendant, the government argues the Court should not alter its original sentencing decision, which was based on a fully developed record and a reasonable exercise of the Court's sentencing discretion.

Thus, the threshold and potentially dispositive question is whether Defendant's sentence was "based on" the subsequently lowered Drug Quantity Table and whether the Court has authority to re-sentence the Defendant when there were two, independent

bases to set Defendant's Base Offense Level at 34, only one of which the Sentencing Commission later changed.

From Defendant's perspective, as long as the later-amended Drug Quantity Table played *any* role in the guidelines calculation that preceded the Court's sentencing decision, Defendant's sentence was "based on" the Drug Quantity Table within the meaning of § 3582(c). In addition, Defendant contends the Court's "horizontal departure" from Criminal History Category VI to Category V triggers the authority to reduce the sentence under § 3582(c). Finally, Defendant asserts the seriousness of Defendant's Base Offense Level under the then-existing Drug Quantity Table may have affected the exercise of the Court's discretion when it chose to depart only one criminal history category, and, therefore, Defendant reasons his original sentence may have been based on the earlier version of the Drug Quantity Table.

Although the parties do not identify any precedent on point with these facts, both sides discuss *United States v. Moore* in which the Eleventh Circuit considered consolidated appeals from five prisoners, each of whom sought a reduced sentence under § 3582(c) because each of the prisoners had been convicted of a crack cocaine offense affected by the amendment to the Drug Quantity Table and each of the prisoners also were classified as career offenders. 541 F.3d 1323 (11th Cir. 2008).

In *Moore*, the parties made arguments similar to those the government and Defendant present here as to the threshold question of whether the prisoners were eligible for a reduced sentence under § 3582(c). The court observed "[t]he plain language of § 3582(c)(2) favors the government's interpretation" because the sentences "were based on the guideline ranges applicable to career offenders . . . ." *Id.* at 1327. The court also applied the recently revised United States Sentencing Guidelines policy statement in U.S.S.G. § 1B1.10:

> An application note to § 1B1.10(a) makes clear that it was intended to apply in circumstances such as these. Application Note 1(A) provides that a reduction under § 3582(c) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline* or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment (n.1(A))(emphasis added). Here, Amendment 706 is "applicable to the defendant[s]" in that it reduces their base offense levels, but it does not have the effect of lowering their applicable guideline ranges because of the application of the career offender guideline. Thus, the Sentencing Commission contemplated that inmates in the defendants' position would not be eligible for relief under § 3582(c).

*Id.* at 1327-28 (emphasis in original). In the end, the Eleventh Circuit affirmed all of the sentencing decisions of the trial courts denying the motions for reduced sentences and concluded, in essence, that each of the five sentences was not based on the amended Drug Quantity Table but instead was driven by application

7   - OPINION AND ORDER

of the Career Offender Guideline.

Defendant also cites to cases in which the trial courts concluded § 3582(c) permits a court to consider reducing a sentence when other factors caused the court to sentence below the applicable Career Offender Guideline. *See United States v. Ragland*, 568 F. Supp. 2d 19 (D.D.C. 2008); *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Pa. 2008); and *United States v. Willis*, No. CR 02-120-RE, 2008 WL 4793688 (D. Or. Oct. 30, 2008). In all three of these cases, however, the sentencing courts reduced the career offender offense level to the otherwise applicable offense level under U.S.S.G. § 2D1.1 (which is based on the Drug Quantity Table) because in each individualized case the career offender offense level overstated the seriousness of the defendant's criminal history and risk of recidivism.

The Court notes the circumstances underlying Defendant's sentencing in this case are different from *Raglund*, *Poindexter*, and *Willis* because here the Court's departure was limited to one criminal history category and did not result in any reduction from the Career Offender Base Offense Level of 34. Although the Court's U.S.S.G. § 5K1.1 departure resulted in a two-level downward reduction for substantial assistance, the effect of that reduction was the same whether the Court "based" its sentence on the now-amended Drug Quantity Table or on the Career Offender

Base Offense Level. Finally, the Court concludes Defendant is merely speculating when he argues the seriousness of Base Offense Level 24 under the then-existing Drug Quantity Table may have affected the exercise of the Court's discretion in choosing to depart only one criminal history category.

In summary, under the circumstances of this case, the Court concludes Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" within the meaning of § 3582(c) because it was based on the "independent" Career Offender Base Offense Level of 34. Accordingly, the Court does not have the authority to reduce Defendant's sentence.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Emert Reginald Flowers' Motion to Reduce Sentence (#134).

IT IS SO ORDERED.

DATED this 21st day of January, 2009.

ANNA J. BROWN
United States District Judge

9   - OPINION AND ORDER